IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

J.M., JR., a minor, by and        :
   through his parents, Mr.       :
   and Mrs. J.M., Sr.,            :
                                  :
     Plaintiff,               :
                                    :
vs.                               :      CIVIL ACTION 16-0280-CG-M
                                    :
SELMA CITY BOARD OF EDUC.,        :
et al.,                           :
                                  :
     Defendants.              :

<u>REPORT AND RECOMMENDATION</u>

This action is before the Court on the Motion to Dismiss Second Amended Complaint (Doc. 31) filed by Defendant Selma City Board of Education (hereafter, "the Board") and the Motion to Dismiss and Brief in Support Thereof (Doc. 28) filed by Defendants Adrienne Lee, Woody Jackson, Kenneth Fair, and Angela Mangum (hereafter collectively, "the Individual Defendants") under Federal Rules of Civil Procedure 8 and 12(b)(6). These Motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72. Plaintiff has filed a Response in Opposition (Doc. 38)[1]. After careful consideration of the record, it is recommended that the Motions to Dismiss be granted and this action be dismissed with prejudice.

---

[1] This response was filed out of time, but the undersigned considers it here as if timely filed. Two other Plaintiff's responses (Docs. 34, 37) have been stricken by the Court (*See* Docs. 35, 40, respectively) and are not considered here.

FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 2016, Mr. and Mrs. J.M., Sr., filed the instant action on behalf of their child, Plaintiff, in the Circuit Court of Dallas County, Alabama, alleging ten various counts against "Selma High School" and the Individual Defendants.  (Doc. 1-1 at 1, 7.)  Prior to the service of the Individual Defendants, the instant action was removed to this Court on June 16, 2016, by the properly-named corporate defendant, the Selma City Board of Education.  (Doc. 1 at 1.)  On June 22, 2016, the Board filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss and an alternative Fed. R. Civ. P. 12(e) Motion for a More Definite Statement (Doc. 3).  On July 13, 2016, Plaintiff filed an Amended Complaint and a Motion for Emergency Injunctive Relief in a combined document (Doc. 9).  Consequently, the Board Motion to Dismiss was denied as moot and the alternative Motion for a More Definite Statement was granted.  (Doc. 10 at 1.)  On August 8, 2016, the Board filed a second Motion for a More Definite Statement, which was granted by the Court.  (Docs. 18, 19.)  On August 22, 2016, the Plaintiff filed an improperly-styled Second Amended Complaint and Second Motion for Injunctive Relief, again in a combined document and again improperly naming the corporate defendant as "Selma High School."  (Doc. 21 at 1.)  On August 26, 2016, the Plaintiff filed a properly-styled Second Amended Complaint (Doc. 23), now the operative pleading.  On August 31, 2016, the Court

2

ordered the Plaintiff to show cause why the Individual Defendants should not be dismissed, since no proof of service pertaining to them had been filed and the deadline to do so had long since passed. (Doc. 25 at 1.) The Plaintiff failed to respond to the Court's order to show cause and instead served the Individual Defendants. (*See* Doc. 26.)

On September 9, 2016, the Individual Defendants filed a Motion to Dismiss and Brief in Support Thereof (Doc. 28) and the Board filed a Motion to Dismiss the Second Amended Complaint (Doc. 31). The deadlines to respond to these motions passed without any pleading from Plaintiff. (*See* Docs. 30, 32.) The Court ordered the Plaintiff to show cause why no responsive pleadings had been filed, pursuant to the undersigned's orders. (Doc. 33.) Instead of showing any cause, the Plaintiff filed a Memorandum in Opposition to the Motions to Dismiss, combined with a further Motion for Injunctive Relief (Doc. 34). This filing was stricken by the Court and a further show-cause order was entering, insisting on an explanation for the Plaintiff's failure to follow the Court's orders. (Doc. 35.) The Plaintiff finally filed a response to the show-cause orders (Doc. 36) on October 17, 2016, and filed two responses in opposition to the Motions to Dismiss (Docs. 37, 38). The first of these responses was inadvertently filed and was stricken at the Plaintiff's request. (Doc. 40.)

The Second Amended Complaint names as Defendants the Selma City Board of Education and four individuals: Angela Mangum, Superintendent of the Selma City School System; Kenneth Fair, Assistant Superintendent; Adrienne Lee, Interim Principal of Selma High School; and Woody Jackson, Assistant Principal. (Doc. 23 at 7-8.)  It alleges a number of causes of action against all Defendants, including: Count I: Violation of Constitutional Right to a Free Public Education; Count II: Violation of Anti-Bullying Legislation; Count III: Violation of the Due Process Clause; Count IV: Violation of Student Anti-Discrimination Laws; Count V: Violation of 42 U.S.C. § 1983; Count VI: Violation of the Plaintiff's Right to Due Process; Count VII: Violation of the Plaintiff's Right to Equal Protection; and Count VIII: State Causes of Action, including fraud, assault/harassment, slander/libel/defamation of character, and failure to follow student handbook and anti-bullying law.  (*Id.* at 12-14.)

In support of these alleged causes of action, Plaintiff alleges a number of facts.  (Doc. 23 at 2-13.)  Plaintiff is a minor black male and at the relevant time was allegedly a ninth-grade student at Selma High School with no prior behavior record and an "obvious eye disability."  (*Id.* at 2, 8.)  Plaintiff is apparently "practically blind without his eye glasses" and these were knocked off by a bullying student in the cafeteria at Selma

High School.  (*Id.* at 2.)  Plaintiff alleges both that this took place on "November 6, 2015" and on "November 6, 2016."  (*Id.* at 8.)  Since the filing was made before the second date and another part of the filing indicates the incident occurred in "early November, 2015," (*Id.*) the Court assumes that this allegation refers to November 6, 2015.  The Plaintiff alleges that no fighting or act of aggression on his part preceded the alleged bullying incident.  (*Id.* at 2-3.)  Plaintiff alleges that he suffered a head injury and broken glasses as a result of the incident, which the bullying student later admitted to instigating.  (*Id.* at 3-4.)  "[I]t is believed by the Plaintiff that his bullying tormentor . . . may be the child of another governmental or public school employee." (*Id.* at 3.)  The Complaint alleges that the Plaintiff was "physically and abusively forced to another location" following the incident. (*Id.*)  The Defendants allegedly possessed a video of the incident, but did not allow Plaintiff or his representative to view it and ultimately erased it.  (*Id.*)  Plaintiff's classroom teacher allegedly made statements that Plaintiff "was not the instigator of the aggression." (*Id.* at 9.)  The Complaint pleads that "the Plaintiff is certain the named Defendants were aware" that Plaintiff was being bullied.  (*Id.* at 8.)

Following the incident, the parents of the Plaintiff were allegedly told by "one or more of the Defendants" that the

situation was a "minor" one and that they would be contacted
when Plaintiff "would be allowed to return to school." (Doc. 23
at 4.) The parents were allegedly never contacted and Plaintiff
remains barred from attending Selma High School. (*Id.*)
Plaintiff also alleges that he and his parents never received
"any written notice of his right to appeal a *verbal* two (2) day
suspension in this matter and a *verbal* 15 day re-assignment to
the Hope Academy Alternative School; or to have a Due Process
Hearing." (*Id.* at 8; emphasis in original.) The Complaint goes
on to cursorily state that the Defendants have violated the
relevant student code of conduct; ALA. CODE § 16-28B-4 (1975)(the
anti-bullying statute); 42 U.S.C. §§ 1981, 1983; the Civil
Rights Act of 1964, Titles IV and VI; the Education Amendments
of 1972, Title IX; the Rehabilitation Act of 1973, § 504; the
Americans with Disabilities Act (ADA), Titles I and II; and the
Individuals with Disabilities Education Act (IDEA). (*Id.* at 8-
9.)

STANDARD OF REVIEW

To survive dismissal under Rule 12(b)(6) of the Federal
Rules of Civil Procedure, a complaint must first satisfy the
pleading requirements of Rule 8(a)(2), which provides that "[a]
pleading that states a claim for relief must contain ... a short
and plain statement of the claim showing that the pleader is
entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). While Rule

6

8 establishes a regime of "notice pleading," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), it does not eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action.  "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2).  The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009).  In addition, there must be a pleading of facts. Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*.  That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949.

The court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951.  When considering whether a complaint states a claim for relief, the Court "should assume, on a case-by-case basis, that well pleaded factual allegations are true and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

DISCUSSION

Defendants argue that selected claims in the Complaint are due to be dismissed because they fail to state a claim upon which relief could be granted and because each of the Defendants enjoys some level of sovereign immunity.  (Doc. 28 at 6-23; Doc.

31 at 2-10.)  The undersigned addresses each of these arguments in turn.

I.   FAILURE TO STATE A CLAIM

The Individual Defendants argue that "[t]he allegations in the Complaint are general, difficult to discern, and fail to establish any factual or legal basis for claims against the defendants." (Doc. 28 at 6.)  The Board argues that each cause of action advanced in the Complaint fails because "none of the Counts identify the facts that allegedly give rise to the causes of action." (Doc. 31 at 4.)  As described below, the Defendants are correct that each and every count of the Second Amended Complaint is flawed.

A. COUNT I: CONSTITUTIONAL RIGHT TO PUBLIC EDUCATION

The first count of the operative Complaint states in full "constitutional right to a free public education." (Doc. 23 at 12.)  It does not state where such a right comes from or whether the Plaintiff was denied such a right or by whom. (*See id.*)  At the federal level, "[p]ublic education is not a 'right' granted to individuals by the Constitution." *Plyler v. Doe*, 457 U.S. 202, 221 (1982) *citing San Antonio Ind. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973).  At the state level,

> nothing in [the Alabama] Constitution shall be
> construed as creating or recognizing any right to
> education or training at public expense, not as
> limiting the authority and duty of the legislature, in
> furthering or providing for education, to require or

9

impose conditions or procedures deemed necessary to
the preservation of peace and order.

ALA. CONST. art. XIV, § 256, *as amended by* ALA. CONST. amend. 111.
Since no substantive law concerning any constitutional right has
been cited, Plaintiff's first claim necessarily fails.  *See Mack
v. City of High Springs*, 486 Fed. App'x 3, 6 (11th Cir. 2012)
("To survive a motion to dismiss under Rule 12(b)(6), the
plaintiff must plead either direct or inferential allegations
respecting all the material elements necessary to sustain a
recovery under some viable legal theory.").

B. COUNT II: VIOLATION OF ALA. CODE § 16-28B-4

The second count states in full "violation of anti-bullying
legislation [Ala. Code Section 16-28B-4]." (*sic*; Doc. 23 at
12.)  The statute cited reads

(a) No student shall engage in or be subjected to
harassment, intimidation, violence, or threats of
violence on school property, on a school bus, or
at any school-sponsored function by any other
student in his or her school system.

(b) No person shall engage in reprisal, retaliation,
or false accusation against a victim, witness, or
other person who has reliable information about
an act of harassment, violence, or threat of
violence.

(c) Any student, or parent or guardian of the
student, who is the object of harassment may file
a complaint outlining the details of the
harassment, on a form authorized by the local
board, and submit the form to the official
designated by the local board to receive
complaints at the school.

(d) Each school shall develop plans or programs,
including, but not limited to, peer mediation

> teams, in an effort to encourage students to
> report and address incidents of harassment,
> violence, or threats of violence.

ALA. CODE § 16-28B-4 (1975).  The statute does not state that it

is actionable in this or any court.  *See id.*  The statute

section is part of the Student Harassment Prevention Act (SHPA).

ALA. CODE § 16-28B-1 (1975).  The legislature's intent for the

SHPA "is to provide for the adoption of policies in public

school systems to prevent the harassment of students[,]" and

that any complaint of harassment to the school system be filed

by the student or the student's parents in writing.  ALA. CODE §

16-28B-1 (1975).  Plaintiff does allege that Defendants did not

provide " Any 'Bullying' Report Form." (*sic*; Doc. 23 at 14.)

However, the SHPA only calls for a form to be "authorized by the

local board."  ALA. CODE § 16-28B-4(c) (1975).  It provides no

further guidance and there is no mention in the SHPA of any

judicial recourse.  Since Plaintiff has not shown that the SHPA

provides for any actionable cause, Plaintiff's second claim

necessarily fails.  *See Mack*, 486 Fed. App'x at 6.

C. COUNTS III AND VI: VIOLATION OF DUE PROCESS RIGHTS

The third count of the Second Amended Complaint states in

full "violation of the due process clause by failing to go by

the student handbook or state or federal law."  (Doc. 23 at 12.)

The sixth count similarly states in full "violation of the

Plaintiff's right to due process-in all areas relative to this

dispute-no retaliation." (*sic*; *Id.* at 13.)  Construed

11

liberally, the Plaintiff appears to be claiming that some due process right was violated by the Defendants failing to abide by some federal or state law, or the school handbook, as alleged earlier in the Complaint. (*See id* at 9 (Defendants allegedly "not going in this instance by their school handbook; state or federal laws. (SEE, ALA. CODE SECTION 16-28B-4 ; 42 USC 1981; 42 USC 1983; Title IV and VI of the Civil Rights Act of 1964; Title IX of the Education Amendments of 1972; Section 504 of the Rehabilitation Act of 1973; Titles I and II of the American with Disabilities Act; and (IDEA) Individuals with Disabilities Education Act. ]," *sic*.)  Plaintiff also appears to be claiming that Defendants in some way violated a due process right by retaliating against the Plaintiff. (*See id.* at 13.)

The SHPA addressed above prevents retaliation against any victim of school harassment, violence, or threats.  ALA. CODE § 16-28B-4(b) (1975).  In other parts of the Complaint, Plaintiff alleges that "[t]he Defendants' conduct was . . . retaliatory . . . " (Doc. 23 at 15.)  This is a conclusory statement inadequate to support a cause of action. *See Iqbal,* 556 U.S. at 678.  Plaintiff also states that "in another action of retaliation and harassment the Defendant(s) have repeatedly reported the Plaintiff and his parents as being in violation of the state of Alabama truancy law . . ." when the Defendants "already were aware about this controversy causing the Plaintiff

to enroll in a private school . . ." (Doc. 23 at 11, 13-14.)
For the purposes of this motion to dismiss, the undersigned must
treat as true the allegation that some defendant or defendants
mis-reported the Plaintiff's truancy when they knew he was at a
different school. *See Iqbal*, 556 U.S. at 678; *Randall*, 610 F.3d
at 710. If true, this may have been retaliatory, but this claim
is one for a due process violation, not retaliation (Doc. 23 at
13.), and Plaintiff has failed to show how his due process
rights have been violated by these actions.

Allegations of violations of 42 U.S.C. § 1983; the
Rehabilitation Act of 1973, § 504; and the Individuals with
Disabilities Education Act (IDEA) are discussed elsewhere in
this Report and Recommendation (*infra* and *supra*), leaving
allegations that violations of 42 U.S.C. §§ 1981; the Civil
Rights Act of 1964, Titles IV and VI; the Education Amendments
of 1972, Title IX; and the Americans with Disabilities Act
(ADA), Titles I and II, violated the due process rights of the
Plaintiff. (*See* Doc. 23 at 9.) The Plaintiff has not shown
that there has been any violation of these statutes and has
further not shown that any alleged statute violation amounted to
any infringement of Plaintiff's right to due process.
Plaintiff's allegation is a threadbare recital, not even of
elements of a cause of action, but of titles in the United
States Code. Such recitals will not support a cause of action

in this Court.  *Iqbal,* 556 U.S. at 678.  Since Plaintiff has not properly alleged any due process violation, the third and sixth claims necessarily fail.  *See Mack*, 486 Fed. App'x at 6.

D. COUNT IV: VIOLATION OF ANTI-DISCRIMINATION LAWS

The fourth count is captioned "violation of the student anti-discrimination laws" and further states "[disability-sight & speech]-Plaintiff is entitled to and should have already recived an I.E.P-individualized education plan under Section 504 and I.D.E.A."  (Doc. 23 at 12-13.)  Section 504 of the Rehabilitation Act of 1973 states, in part, that

> [n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . .

29 U.S.C. § 794(a).  The IDEA provides procedures by which school districts test students and provide individualized education programs (IED) to disabled students where appropriate. 20 U.S.C. § 1414.

Regarding Section 504, Plaintiff has made no allegation that any Defendant excluded Plaintiff from any educational program *"solely by reason of his []disability."*  29 U.S.C. § 794(a).  Regarding the IDEA, Plaintiff has made no allegation that he was tested to ascertain his entitlement to an IED under the Act.  20 U.S.C. § 1414(a)(1)(B)("a parent of a child . . . may initiate a request for an initial evaluation to determine if

the child is a child with a disability."). The only allegation
is the bare assertion that Plaintiff is entitled to and should
have already received an IEP. (Doc. 23 at 12.) This is not
enough to sustain a cause of action under the IDEA. The
Plaintiff also refers at one point refers to "an obvious eye
disability," but makes no allegation of its effect on his
learning needs beyond the necessity of wearing glasses, which in
itself is in no way a disability within the meaning of the IDEA.
Additionally, Plaintiff has made no showing that Plaintiff has a
right to bring a civil action pursuant to the IDEA. *See* 20
U.S.C. § 1415(i)(2). Since a material element of the Section
504 claim has not been pleaded and since Plaintiff has not shown
a right to sue under the IDEA, the fourth claim necessarily
fails. *See Mack*, 486 Fed. App'x at 6.

E. COUNT V: VIOLATION of 42 U.S.C. § 1983

The fifth claim of the operative Complaint states in full
"violation of 42 USC Section 1983- abuse of governmental
positions-abuse also in the physical and emotional mistreatment
of the plaintiff-student in this regard." (*sic*; Doc. 23 at 13.)
The relevant statute states that

> [e]very person who, under color of any statute
> ordinance, regulation, custom, or usage, of any State
> or Territory . . . subjects, or causes to be
> subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable

> to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. The statute itself does not grant any rights, so a claim under 42 U.S.C. § 1983 must allege some right that has been violated. *Maine v. Thiboutot*, 448 U.S. 1, 4-6 (1980). This fifth claim makes no such allegation; it does not make reference to any federal law or Constitutional right. (Doc. 23 at 13.) Since a material element of a 42 U.S. § 1983 claim has not been pleaded and since Plaintiff has not shown a right to sue under the IDEA, the fifth claim necessarily fails. *See Mack*, 486 Fed. App'x at 6.

F. COUNT VII: VIOLATION OF RIGHT TO EQUAL PROTECTION

The Plaintiff's seventh claim states in full "violation of the Plaintiff's right to equal protection." (Doc. 23 at 13.) The Fourteenth Amendment states, in relevant part, that no State (or division of a State) shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 2. Plaintiff has not pled how he has not received equal benefit under any statute. Plaintiff is black and alleges a disability (Doc. 23 at 8), but does not allege that Defendants did not give him equal protection under any law due to these facts. Since Plaintiff has not alleged any facts giving rise to an equal protection violation, the seventh claim necessarily fails. *See Mack*, 486 Fed. App'x at 6.

G. COUNT VIII: STATE CAUSES OF ACTION

The eighth and final count of the Second Amended Complaint combines a number of state-law causes of action into a single count. It is divided into four subsections: "fraud," "assault/harassment," "slander, libel & defamation of character," and "Failure to Follow the Student Handbook and the State of Alabama Anti-Bullying Law." (Doc. 23 at 13-14.) The combination in a single count of so many dissimilar causes of action is a gross violation of Fed. R. Civ. P. 10(b) (where it would promote clarity, each claim "must be stated in a separate count or defense."), and the Motions to Dismiss are due to be granted as to Count VIII for that reason alone. However, in the alternative, the Court considers each part of Count VIII in turn.

    i.    "Fraud"

The first subpart of Count VIII is captioned "fraud" and states in full that

> On the date at issue the Defendants, presented
> different facts as to what happened than they later
> did.  This has caused the Plaintiff to go from not
> being the cause of the incident in the lunchroom, to
> later being accused of causing this incident by
> individuals who were not present and who know those
> present a different set of facts.  Also, the
> Defendants claim to have gone by the Student Handbook,
> but they did not. Additionally, the Defendants falsely
> reported the Plaintiff and his Parents to the Juvenile
> Court Truancy Officer, when they already were aware
> about this controversy causing the Plaintiff to enroll
> in a private school in the winter of 2015; still they

had to wrongfully answer fraudulent charges in the
spring of 2016.

(*sic*; Doc. 23 at 13-14.)

This claim is subject to a heightened pleading standard:

[i]n alleging fraud or mistake, a party must state
with particularity the circumstances constituting
fraud or mistake.  Malice, intent, knowledge, and
other conditions of a person's mind may be alleged
generally.

Fed. R. Civ. P. 9(b).  "It has been established that Rule 9(b)
is satisfied if the complaint sets forth the following: '(1)
precisely what statements were made in what documents or oral
representations or what omissions were made, and (2) the time
and place of each such statement and the person responsible for
making (or, in the case of omissions, not making) same, and (3)
the content of such statements and the manner in which they
misled the plaintiff, and (4) what the defendants obtained as a
consequence of the fraud.'"  *United States ex rel. Clausen v.
Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th
Cir.2002) (citations omitted); *see also Hill v. Morehouse
Medical Assocs., Inc.*, 2003 WL 22019936, *3 (11th Cir. Aug. 15,
2003) ("plaintiff must plead facts as to time, place, and
substance of the defendant's alleged fraud, specifically the
details of the defendants' allegedly fraudulent acts, when they
occurred, and who engaged in them.").  In other words, "to avoid
dismissal, a complaint alleging fraud must plead the 'who, what,

18

when, where and how' of the alleged fraud." *Hay v. Bank of America*, 2013 WL 1339729, *12 (N.D.Ga.March 29, 2013).

Plaintiff has not alleged any gain that Defendants obtained as a consequence of the alleged fraud, an essential element of the cause of action. *See United States ex rel. Clausen*, 290 F.3d at 1310. It is implausible that Plaintiff would be able to plead such, since there is no conceivable gain that Defendants could have accrued from the alleged actions. (*See* Doc. 23 at 13-14.) Thus, Plaintiff's fraud claim necessarily fails under the heightened Rule 9(b) standard. *See id.*

### ii. "Assault/Harassment"

The second subpart of Count VIII is captioned as above and states in full that

> [t]he Plantiff was subjected to abusive physical contact on the date this incident occurred by school officials for no reasons, and the other student was not. Additionally, the Defendants have threatened the Plaintiff and his Parents with Juvenile Court Prosecution since the incident occurred on more than one occasion[.]

(Doc. 23 at 14.)

In Alabama, "[t]he plaintiff in an action alleging assault and battery must prove '(1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner.' " *Harper v. Winston Cnty.*, 892 So. 2d 346, 353 (Ala. 2004) *citing Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190, 1193 (Ala. 1998). "An actual injury to the body is not

a necessary element of a civil assault . . ." *Surrency v. Harbison*, 489 So. 2d 1097, 1104 (Ala. 1986). Whether or not the other student involved in the incident was touched is immaterial. *See id.* The Plaintiff here alleges only that "school officials" touched him. (Doc. 23 at 14.) He does not allege that any Defendant or anyone acting on behalf of a Defendant touched him. (*Id.*) Additionally, Plaintiff does not adequately allege that anyone touched him "in a harmful or offensive manner." (*Id. compare Harper*, 892 So. 2d at 353.) The Plaintiff alleges that school officials "subjected [him] to abusive physical contact," but this is the type of conclusory recitation of a cause of action's elements that cannot sustain a cause of action. (Doc. 23 at 14 *compare Iqbal*, 566 U.S. at 681.) Harassment is not by itself a cause of action in Alabama. *See, e.g., Machen v. Childersburg Bancorporation, Inc.*, 761 So. 2d 981, 983 n.1 (Ala. 1999). Since a material element of an assault claim has not been pleaded and since harassment is not a cause of action in Alabama, the "assault/harassment" claim necessarily fails. *See Mack*, 486 Fed. App'x at 6.

      iii. "Slander, Libel & Defamation of Character"

The third subpart of Count VIII is captioned as above and states in full that "[t]he Defendants current version of the facts is absolutely false and defamatory to the Plaintiff Student[.] (*sic*; Doc. 23 at 14.) In Alabama, alleged defamation

is considered by the Court as either slander or libel. *Blevins v. W.F. Barnes Corp.*, 768 So. 2d 386, 390 (Ala. Civ. App. 1999). To state a case of either slander or libel, a party must show that a defamatory communication was made. *See, e.g., id.* The elements of a defamatory communication are

> 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement.

*Drill Parts and Service Co., Inc. v. Joy Mfg. Co.*, 619 So. 2d 1280, 1289 (Ala. 1993) *citing McCaig v. Talladega Publishing Co.*, 544 So. 2d 875, 877 (Ala. 1989). Plaintiff has made no allegation as to what statement or statements made by the Plaintiff were defamatory. (Doc. 23 at 14.) Rather, Plaintiff has only alleged that Defendants possess some "current version of the facts" which is false. (*Id.*) Further, Plaintiff has made no allegation as to when Defendants made any unprivileged communication of a defamatory nature to a third party. (*See, id.*) Since a material element of a defamation cause of action has not been pleaded, this claim necessarily fails. *See Mack*, 486 Fed. App'x at 6.

     iv.   "Failure to Follow the Student Handbook and the State of Alabama Anti-Bullying Law"

The final subpart of Count VIII is captioned as above and states in full that

> The Defendants failed to properly and timely give the
> Plaintiff and Plaintiff's Parents Proper Notice when
> the incident occurred or when this Student May return
> to School or What the charges against him are or What
> evidence supports such or Why the Defendants
> improperly destroyed or no longer possess the "video"
> of the lunchroom incident, even though the Plaintiff's
> parents had informed the Defendants to not destroy
> such.  Likewise, the Defendants never gave the
> Plaintiff, his Parents or their Legal Counsel Any
> "Bullying" Report Form any copy of the school's anti-
> bullying policy or how to invoke such if you are a
> "bullying" victim.

(*sic*; Doc. 23 at 14.)  This claim is completely duplicative

of Plaintiff's Counts II and III.  (*See, supra*)  Since those

counts fail (*id.*), this one does also, since it suffers from the

same faults.  As in those counts, Plaintiff has made no showing

that a cause of action lies, in this or any court, under the

aforementioned student handbook or under the SHPA.  (*Id.*)  Since

Plaintiff has advanced no theory upon which relief may be

granted, this claim also necessarily fails.  *See Mack*, 486 Fed.

App'x at 6.

## II.  SOVEREIGN IMMUNITY

In addition to claiming that the Complaint does not state a

cause of action, Defendants argue that they are entitled to

varying levels of immunity from suit.  The Board claims

"absolute immunity" under the Alabama Constitution of 1901.

(Doc. 31 at 5.) The Individual Defendants claim, in the

alternative, duplication of claims, immunity under the Eleventh

Amendment of the United States Constitution, and qualified

immunity. (Doc. 28 at 13-20.)

A. THE BOARD

The Board claims absolute sovereign immunity from suit as an agency of the State of Alabama under Section 14 of the Alabama Constitution of 1901.  The relevant section states "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."  Ala. Const. art. I, § 14.  The Alabama Supreme Court has elucidated the nature of this immunity thusly:

> "The wall of immunity erected by § 14 is nearly impregnable." *Patterson v. Gladwin Corp.*, 835 So. 2d 137, 142 (Ala. 2002).  Indeed, as regards the *State of Alabama and its agencies*, the wall is *absolutely impregnable*.  *Ex parte Ala. Dep't of Human Res.*, 999 So. 2d 891, 895 (Ala. 2008) ("Section 14 affords absolute immunity to both the State and State agencies.") . . . 'Absolute immunity' means just that— the State and its agencies are not subject to suit under any theory.
>
> "This immunity may not be waived." *Patterson*, 835 So. 2d at 142. Sovereign immunity is, therefore, not an affirmative defense, but a 'jurisdictional bar.' *Ex parte Ala. Dep't of Transp.*, 985 So. 2d 892, 894 (Ala. 2007).  The jurisdictional bar of § 14 simply "preclud[es] a court from exercising subject-matter jurisdiction" over the State or a State agency. *Lyons v. River Road Constr., Inc.*, 858 So. 2d 257, 261 (Ala. 2003).  Thus, a complaint filed solely against the State or one of its agencies is a nullity and is void *ab initio*. *Ex parte Ala. Dep't of Transp. (In re Russell Petroleum, Inc. v. Ala. Dept of Transp.)*, 6 So. 3d 1126 (Ala. 2008).  Any action taken by a court without subject-matter jurisdiction—other than dismissing the action—is void.  *State v. Property at 2018 Rainbow Drive*, 740 So. 2d 1025, 1029 (Ala. 1999).

*Ala. Dept of Corr. v. Montgomery Cnty. Com'n*, 11 So. 3d 189, 191-92 (Ala. 2009)(emphasis in original).  A city school board, such as the Selma City Board of Education, is an "agenc(y) of

23

the state," and is thus "immune from civil action" under § 14 of the Constitution of 1901. *Ex parte Phenix City Bd. of Educ.*, 67 So. 3d 56, 59-60 (Ala. 2011).

A state agency's immunity in federal court is also affected by the Eleventh Amendment of the U.S. Constitution, which provides that

> [t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state.

U.S. CONST. amend. XI. [A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "A state's Eleventh Amendment immunity also extends to statewide agencies." *Garrett v. Talladega Cnty. Drug and Violent Crime Task Force*, 983 F. Supp. 2d 1369, 1376 (N.D. Ala. 2013) *citing id.* "The immunity applies to *both* federal and state claims." *Garrett*, 983 F. Supp. 2d at 1376 *citing Pennhurst*, 465 U.S. at 106. "[T]he Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the State's immunity. *Williams v. Ala. State. Univ.*, 865 F. Supp. 789, 792 (M.D. Ala. 1994)(overruled on other grounds) *citing Pennhurst*, 465 U.S. at 98-100 *and Quern v. Jordan*, 440 U.S. at 341.

The State of Alabama is prevented by its own laws from waiving its immunity from suit (*See Patterson*, 835 So. 2d at 142.) and the Plaintiff has made absolutely no showing, even in its response to the Motions to Dismiss, that this case involves an area of law where Congress has overridden the State's immunity.  (*See* Doc. 38 *generally*.)  Additionally, the Plaintiff has failed to plead a claim upon which relief might be granted (*see supra*), so the Court cannot determine whether any claim would involved Congress's overriding of that immunity. Consequently, suit against the Board is barred here by both the Alabama and U.S. Constitutions.

B.  INDIVIDUAL DEFENDANTS

Nowhere does Plaintiff specify whether the Individual Defendants are sued in their individual capacities or their official capacities or both.  (*See* Doc. 23 *generally*.) Consequently, the Individual Defendants advance alternative arguments for suit against them in each capacity.  (Doc. 28 at 13-20.)

i.   OFFICIAL CAPACITY

Insomuch as the Individual Defendants are sued in their official capacities as officers of the Board, those claims are duplicative of the Plaintiff's claims against the Board. "Official capacity suits are suits against state agencies, not against the people through whom agencies act."  *Hobbs v.*

*Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993).  "[O]fficial
capacity suits represent 'only another way of pleading an action
against an entity of which an officer is an agent,' and a
victory against a named individual in an official capacity suit
is "a victory against the entity that employs him." *Id. quoting
Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985).  Where a
plaintiff has named a state agency in the same suit, any claim
against an officer of that agency in his or her official
capacity is "duplicative" of the claim against the agency and is
"due to be dismissed." *Ginwright v. Dep't of Revenue for Ala.*,
2013 WL 1187943, at *4 (M.D. Ala. March 21, 2013).  Thus,
insomuch as Plaintiff's claims here are against Individual
Defendants in their official capacities, they are due to be
dismissed since Plaintiff has also brought suit against the
relevant state agency, the Board.  *See, id.*  The Individual
Defendants also argue that, insomuch as they are being sued in
their official capacities, they are entitled to the same
immunities to which the Board is entitled.  (Doc. 28 at 14-15.)
Since any official capacity claim is due to be dismissed as
duplicative, the undersigned does not take up this argument
here.

      ii.  INDIVIDUAL CAPACITY

    Insomuch as the Individual Defendants are sued in their
individual capacities as private persons, those claims are

barred here by the doctrine of qualified immunity. Said doctrine states that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Such immunity

> allow[s] government officials to carry out their discretionary duties without he fear of personal liability or harassing litigation, protecting from suit "all but the plainly incompetent or one who is knowingly violating the federal law.

*Lee v. Ferraro*, 284 F.3d 1188, 1194 *citing Anderson v. Creighton*, 483 U.S. 635, 638 (1987) *and quoting Willingham v. Loughnan*, 261 F.3d 1178, 1187 (11th Cir. 2001).

To invoke qualified immunity, a defendant "must show that he was performing an act within his discretionary authority." *Williams v. Goldsmith*, 4 F. Supp. 2d 1112, 1122 (M.D. Ala. 1998).  "If that burden is satisfied, then it becomes the Plaintiff's duty to prove that the Defendant violated clearly established law."  *Id. citing Godby v. Montgomery Co. Bd. of Educ.*, 996 F. Supp. 1390, 1400-03 (M.D. Ala. 1998).  This "discretionary authority" hurdle is a "low, indeed almost invisible one."  *Williams*, 4 F. Supp. 2d at 1123.  A State agent is exercising his or her discretionary authority when "exercising judgment in the discharge of duties imposed by statute, rule, or regulation in . . . educating students. *Ex*

*parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000).  All four Individual Defendants are agents of the Board (Doc. 23 at 7.) and no allegation is made that any of the Individual Defendants ever took any action relevant to Plaintiff outside the education context.  Consequently, the actions they did take were within their discretionary authority.  *See id.*  Since the Individual Defendants acted within their discretionary authority, it falls to the Plaintiff to show that one or more of them violated clearly established law.  *Williams*, 4 F. Supp. 2d at 1122.  As shown, *supra*, concerning Plaintiff's failure to state any claim upon which relief may be granted, Plaintiff has not shown this.  Consequently, the Individual Defendants thus enjoy qualified immunity (*see id.*) and are shielded from suit in this context in both their personal and official capacities.

III. AMENDMENT AND PREJUDICE

   The Board's Motion seeks to have the Plaintiff's Second Amended Complaint dismissed with prejudice, and both Motions seek dismissal without further leave to amend.  (Doc. 31 at 12; Doc. 28 at 24.)  "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)(per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am Corp.*, 314 F.3d 541, 542 (11th Cir.

2002).   The Plaintiff in this action has filed three complaints,
not including the one stricken by the Court.  (Docs. 1-1, 9, 21,
23.)  After the Plaintiff had already filed two complaints, the
undersigned ordered the Plaintiff to correct previous pleading
issues by

> identifying the separate causes of action being
> asserted, the specific factual and legal grounds for
> each cause of action, the Defendant against whom each
> cause of action is being asserted, and the specific
> relief being requested by the Plaintiff.

(Doc. 19 at 1.)  With the exception of Count VIII, the
succeeding complaint was almost identical to the one to be
corrected.  (Doc. 18 *compare* Doc. 23.)  "A district court need
not . . . allow amendment where there has been undue delay, bad
faith, dilatory motive, or repeated failure to cure deficiencies
by amendments previously allowed."  *Bryant v. Dupree*, 252 F.3d
1161, 1164 (11th Cir. 2001) *citing Foman v. Davis*, 371 U.S. 178
(1962).  Consequently, the undersigned does not offer the
Plaintiff any further opportunity to amend the pleadings.  Since
dismissal for failure to state a claim is an adjudication on the
merits (*see* Fed. R. Civ. P. 41(b)), dismissal with prejudice is
within the Court's discretion and is appropriate here.  *See*
*Hickman v. Hickman*, 563 Fed. App'x 742, 743 (11th Cir. 2014).

CONCLUSION

After careful consideration of the record, and the reasons
stated herein above, it is recommended that the Motions to

Dismiss (Docs. 28 and 31) be granted and this action be dismissed with prejudice.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

   **DONE** this 16th day of November 2016.

                    s/BERT W. MILLING, JR.
                    BERT W. MILLING, JR.
                    UNITED STATES MAGISTRATE JUDGE